UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEVONTA LATCHINSON, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Case No. 2:20-cv-00009-SEP |
| | ) |
| DAN REDINGTON, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

Before the Court is Petitioner Devonta Latchinson's Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Doc. [4]. For the reasons set forth below, the amended petition is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is an inmate at the Northeast Correctional Center in Bowling Green, Missouri. On direct appeal, the Missouri Court of Appeals summarized the facts of his case as follows:

> On February 11, 2015, Defendant phoned his "close friend," Ahmaad Ali ("Victim"), seeking to borrow money, as Defendant had done three or four times previously. They agreed to meet outside Victim's girlfriend's house to make the exchange. Defendant arrived with another person, "Little B," whom Victim did not know. Defendant, Victim, and Little B began walking down the street. Victim noticed Defendant was walking "pretty fast ahead" of him and Little B. After they had walked to the next street over, Little B pulled out a gun, grabbed Victim's jacket, and told Victim he "was gettin' robbed." Little B told Defendant to "come grab his [Defendant's] money." Thereafter, a third person with a gun exited a nearby vehicle. Defendant put his gun to Victim's head. The three proceeded to take from Victim $200, his keys, phone, shoes, shirt, and pants. Shortly after the robbery, back at his girlfriend's house, Victim called the police. Victim told the interviewing officer that Defendant—who Victim referred to as "Lil 'Mob" Westhead—was one of the three assailants. The next day, the police showed Victim a picture of Defendant, and Victim positively identified him as one of the robbers. Defendant was charged with one count of robbery in the first degree, in violation of Section 569.0201 and one count of armed criminal action, in violation of Section 571.015. Defendant denied any participation in the robbery. Victim was the only witness put on by the State during the trial. The jury found Defendant guilty of both charges, and Defendant was sentenced to fifteen years for each offense, to run concurrently.

Doc. [9-5] at 2.

Petitioner's convictions and sentences were affirmed on direct appeal.  Doc. [9-10] at 2.  Petitioner then filed a pro se Rule 29.15 motion for post-conviction relief, after which counsel was appointed for his state court post-conviction proceedings.  *Id.*   Petitioner filed a timely amended Rule 29.15 motion seeking relief on grounds that (1) his trial counsel was ineffective in failing to call Charles Webster as a witness during trial and for failing to request a continuance to locate Webster; and (2) his counsel was ineffective for failing to object and request a mistrial after jurors allegedly saw Petitioner's right hand cuffed to his chair's armrest during trial.  *Id.*  The motion court denied the amended petition, and the Missouri Court of Appeals affirmed the motion court's decision after an evidentiary hearing.  *Id.*

Petitioner then filed a habeas petition[1] asserting four claims for relief:  (1) the trial court violated Petitioner's due process rights by sustaining a hearsay objection to Petitioner's testimony about what he heard about a fight between the victim and Petitioner's cousin, Charles Webster; (2) the trial court violated his due process rights by sustaining an objection to testimony by Detective Scott regarding statements made by Petitioner to Detective Scott as to Petitioner's whereabouts; (3) trial counsel was ineffective in failing to call Charles Webster as a witness and failing to request a continuance to locate Webster; and (4) trial counsel was ineffective in failing to object and request a mistrial after jurors allegedly saw Petitioner's hand cuffed to his chair's armrest at trial.  Respondent argues that (1) Petitioner's evidentiary claims are procedurally defaulted; (2) Petitioner's evidentiary claims do not raise a federal constitutional issue; and (3) Petitioner's ineffective assistance of counsel claims are meritless.

## LEGAL STANDARD

A federal judge may issue a writ of habeas corpus freeing a state prisoner if the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The judge must not issue a writ, however, if an adequate and independent state law

---

[1] Petitioner's initial petition was not prepared on a Court-provided form and did not clearly identify the grounds for relief he wanted to raise in federal court.  *See* Docs. [1], [3].  The Court permitted him to amend his petition, resulting in the filing reviewed herein.  *See* Docs. [3], [4].  The amended petition contains an appendix that restates the bulk of Petitioner's initial petition under identical headings ("Ground I," "Ground II," "Ground III," and "Ground IV").  *Compare* Doc. [4] at 14-18 to Doc. [1] at 3-7.  A page of that appendix appears to be missing from the amended petition, as filed.  *See* Doc. [4] at 18-19 ("Page D 1 of 2" not followed by a "Page D 2 of 2").  Notwithstanding the general prohibition against piecemeal pleadings, in the interest of doing justice to Petitioner's fourth ground for relief, the Court considers here not just the "Ground 4" section of the appendix to the amended petition, Doc. [4] at 18, but also the corresponding section of the original petition, Doc. [1] at 5-7.

ground justified the prisoner's detention, regardless of the federal claim.  *See Wainwright v. Sykes*, 433 U.S. 72, 81-82 (1977).

"Federal habeas review exists as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Woods v. Donald*, 575 U.S. 312, 316 (2015) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)).  Accordingly, "[i]n the habeas setting, a federal court is bound by [the Antiterrorism and Effective Death Penalty Act (AEDPA)] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254).  Under AEDPA, a federal court shall not grant relief to a state prisoner with respect to any claim that was adjudicated on the merits in the state court proceedings unless the state court's adjudication of the claim:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  "[A] state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004) (citations and internal quotation marks omitted); *see also Rice v. Collins*, 546 U.S. 333, 338-39 (2006) (petitioner can rebut by clear and convincing evidence presumption that state court factual findings are correct).

**DISCUSSION**

**I.      Grounds 1 and 2: Petitioner's Due Process Claims**

In Ground 1, Petitioner contends that the trial court erred in sustaining the state's objection to Petitioner's testimony regarding what he heard about a fight between the victim and his cousin, Charles Webster.  In Ground 2, Petitioner argues that the trial court erred in

sustaining an objection to testimony offered by Detective Scott regarding Petitioner's statements to Detective Scott about Petitioner's whereabouts during the robbery.

**A. Grounds 1 and 2 are procedurally defaulted.**

Respondent asserts that Petitioner procedurally defaulted Grounds 1 and 2. Before seeking federal relief under AEDPA, a petitioner must fairly present his claims to the appropriate state courts during direct appeal or in post-conviction proceedings to give those courts a "fair opportunity to apply controlling legal principles to the facts bearing upon the claim." *Wemark v. Iowa*, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)); *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997); *see also* 28 U.S.C. § 2254(c). "A claim has been fairly presented when a petitioner has properly raised 'the same factual grounds and legal theories' in the state courts that he raises in his federal petition." *Wemark*, 322 F.3d at 1021 (quoting *Joubert v. Hopkins*, 75 F.3d 1232, 1240 (8th Cir. 1996)). Claims that have not been fairly presented to the state courts are procedurally defaulted and may not generally give rise to habeas relief. *Id.* at 1022 (quoting *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996)); *see also Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011).

Where a petitioner procedurally defaulted his claims in state court, "federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Murphy v. King*, 652 F.3d 845, 849 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Prejudice in this context requires the petitioner to show that the alleged errors "worked to his actual and substantial disadvantage." *Ivy v. Caspari*, 173 F.3d 1136, 1141 (8th Cir. 1999); *see also Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012). To invoke the fundamental miscarriage of justice exception to the procedural default rule, a petitioner must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006).

Here, Petitioner raised Grounds 1 and 2 on appeal with the Missouri Court of Appeals. Doc. [4] at 14-15. The Missouri Court of Appeals found that both grounds were ineligible for

4

review because "[w]hen the State's objection to proffered evidence is sustained, the defendant must make an offer of proof during trial to preserve the matter for appellate review," and Petitioner failed to do so with respect to either objection. Doc. [9-5] at 5. Because Petitioner must have "fairly presented" his claims to the state courts and has not done so pursuant to legitimate state requirements, *Wemark*, 322 F.3d at 1021, federal habeas review is barred unless he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner provides no cause for the procedural default; neither does he argue that a fundamental miscarriage of justice will result if the Court declines to entertain either ground. Thus, Grounds 1 and 2 are deemed procedurally defaulted.

### B. Grounds 1 and 2 do not raise a federal constitutional issue.

Even if Grounds 1 and 2 were not procedurally defaulted, they would fail for lack of a federal constitutional issue. "In a § 2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995). "In the habeas context, rules of evidence and trial procedure are usually matters of state law." *Bucklew v. Luebbers*, 436 F.3d, 1010, 1018 (8th Cir. 2006). "It is not the province of a federal habeas court to reexamine state court determinations on state law questions." *Estelle*, 502 U.S. at 67. The admissibility of evidence at trial is ordinarily a matter of state law and "will not form the basis for federal habeas relief." *Turner v. Armontrout*, 845 F.2d 165, 169 (8th Cir. 1988) (citing *Manning-El v. Wyrick*, 738 F.2d 321, 322 (8th Cir.), *cert. denied*, 469 U.S. 919 (1984)); *see also Nebinger v. Ault*, 208 F.3d 695, 697 (8th Cir. 2000) ("Rulings on the evidence in state trials rarely rise to the level of a federal constitutional violation.").

"A federal court may, however, grant habeas relief when a state court's evidentiary ruling . . . is so prejudicial that it amounts to a denial of due process." *Turner*, 845 F.2d at 169. Accordingly, reversal of a state court evidentiary ruling is appropriate only if "the petitioner . . . shows that the alleged improprieties were 'so egregious that they fatally infected the proceedings and rendered his entire trial fundamentally unfair.'" *Anderson*, 44 F.3d at 679 (internal citation omitted). To carry that burden, the petitioner must show "that absent the alleged impropriety the verdict probably would have been different." *Id.* In making that determination, the federal habeas court "must review the totality of the facts in the case and analyze the fairness of the

5

particular trial under consideration." *Hobbs v. Lockhart*, 791 F.2d 125, 128 (8th Cir. 1986). "No due process violation [exists], even if the evidence was erroneously admitted, if other evidence of guilt is so overwhelming that the error is harmless." *Wedemann v. Solem*, 826 F.2d 766, 767 (8th Cir. 1987) (citing *Hobbs v. Lockhart*, 791 F.2d 125, 127-28 (8th Cir. 1986)).

Even if this Court were to agree with Petitioner that the state evidentiary rulings were erroneous—a question on which it does not take a position—not every trial court error amounts to a constitutional deprivation. Here, Petitioner has failed to show that sustaining either of the state's objections rendered his trial fundamentally unfair, especially considering the other evidence against Petitioner.

The victim testified that he had known Petitioner for many years, identified Petitioner as one of the robbers by name and photograph immediately following the robbery, and later identified Petitioner in a deposition. Doc. [9-5] at 4. Considering that evidence together with the victim's testimony at trial, the result of the trial would probably not have been different even if the State's objections had not been sustained. *See Wedemann*, 826 F.2d at 767 ("No due process violation [exists], even if the evidence was erroneously admitted, if other evidence of guilt is so overwhelming that the error is harmless."). Thus, even if Grounds 1 and 2 were not procedurally defaulted, they would both be denied.

## II.     Grounds 3 and 4:  Ineffective Assistance of Counsel

Grounds 3 and 4 both assert ineffective assistance of counsel. Petitioner claims that his trial counsel was ineffective in (1) failing to call Charles Webster as an alibi witness or requesting a continuance to locate Webster; and (2) failing to object and request a mistrial after jurors allegedly saw Petitioner's hand cuffed to his chair's armrest at trial. The Missouri Court of Appeals rejected both grounds for relief in Petitioner's post-conviction proceedings.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To show ineffective assistance of counsel, Petitioner must show both that "[his] counsel's performance was deficient" and that "the deficient performance prejudiced [his] defense." *Id.* at 687; *see also Paulson v. Newton Corr. Facility*, 773 F.3d 901, 904 (8th Cir. 2014); *Worthington v. Roper*, 631 F.3d 487, 498 (8th Cir. 2011). To show deficient performance, Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the [petitioner] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must be

6

highly deferential," and Petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and "might be considered sound trial strategy." *Id.* at 689 (citation and internal quotation marks omitted). To show prejudice, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

When an ineffective assistance claim has been addressed by the state court, this Court must bear in mind that, "[t]aken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 202 (2011)). In the habeas context, it is not sufficient for a petitioner to "show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance." *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). "Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* at 699. "This standard was meant to be difficult to meet, and 'even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.'" *Williams*, 695 F.3d at 831 (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)). "If the state court reasonably could have concluded that [the petitioner] was not prejudiced by counsel's actions, then federal review under AEDPA is at an end." *Id*. at 832 (internal quotation marks omitted).

**A. The Missouri Court of Appeals' denial of Ground 3 was reasonable.**

In Ground 3, Petitioner argues that he was denied effective assistance of counsel when his trial counsel failed to call Petitioner's cousin, Charles Webster, to testify and failed to request a continuance to locate him. Doc. [4] at 16. Petitioner contends Webster's testimony would have established an alibi at the time of the robbery on February 11, 2015. *Id.*

Petitioner raised this claim in his post-conviction Rule 29.15 motion, and after the motion court denied the claim, he appealed that decision. The Missouri Court of Appeals, applying the *Strickland* standard, agreed with the motion court and denied Petitioner's claim as follows:

> In this case, Movant's claim that Counsel was ineffective for failing to call Webster as a witness has no merit because Movant presented no credible evidence that he provided sufficient information for counsel to investigate Webster in the original trial. In denying Movant's claim at issue in this point, the motion court found Movant's testimony at the evidentiary hearing not credible, because Movant had testified both during the trial and following sentencing that he did not have contact information for Webster. Later during

> the evidentiary hearing, Movant changed his story saying he gave Counsel Webster's contact information before trial.  However, Counsel testified at the evidentiary hearing and stated Movant did not provide contact information in a timely manner in order to investigate the alleged alibi witness – within a day or two before trial.  The motion court found Counsel to be a credible witness.  Because we defer to these findings, Movant failed to sustain his burden that he provided sufficient information for counsel to conduct a reasonable investigation of Webster as an alibi witness.
>
> We now turn to Movant's claim that Counsel was ineffective for failing to request a continuance to locate Webster for trial. . . . After reviewing the record, we can find no evidence presented at the evidentiary hearing in support of Movant's post-conviction claim that Counsel was ineffective for failing to request a continuance to locate Webster.  Counsel was never asked why he did not request a continuance, or similar questions, to secure Webster's testimony.  There are also only mere statements about Counsel's failure to file a continuance in Movant's brief.  Therefore, Movant has failed to present evidence to support his contention and prove his claim for relief by a preponderance of the evidence.

Doc. [9-10] at 4-6 (cleaned up).

This Court must adopt a "strong presumption" that defense counsel's conduct fell within the range of reasonable representation. *Strickland*, 466 U.S. at 689.  "The strength of the presumption" that defense counsel's decision not to call a witness is reasonable trial strategy "turns on the adequacy of counsel's investigation." *White v. Roper*, 416 F.3d 728, 732 (8th Cir. 2005).  After reviewing the relevant portions of the record, the Court finds ample support for the Missouri Court of Appeals' conclusion that counsel's investigation was adequate under the circumstances.

Petitioner has not presented any evidence suggesting he timely provided sufficient information that would have allowed counsel to investigate Webster as a witness before trial.  Nor has Petitioner shown that the outcome of his case would have been affected in any meaningful way if counsel had called Webster to testify or requested a continuance.  Petitioner's trial counsel testified that he did not have adequate time to investigate the alleged alibi witness.  Doc. [9-6] at 16-17.  It was reasonable for the Missouri Court of Appeals to conclude that Petitioner's inconsistent testimony was not credible and that trial counsel's testimony regarding the inadequacy of information was credible.

On review of the record, the Missouri Court of Appeals did not unreasonably apply *Strickland* to Petitioner's ineffective assistance claim based on counsel's failure to call Webster, and its decision was not an "unreasonable determination of the facts in light of the evidence

presented in state court." *Cole v. Roper*, 623 F.3d 1183, 1187 (8th Cir. 2010); 28 U.S.C. § 2254(d). Therefore, the Court denies habeas relief on Ground 3.

### B. The Missouri Court of Appeals' denial of Ground 4 was reasonable.

In Ground 4, Petitioner claims that he was denied effective assistance of counsel when trial counsel failed to object and request a mistrial after jurors allegedly saw Petitioner's hand cuffed to his chair's armrest during trial. Petitioner raised the same claim in his post-conviction motion, and after the motion court denied the claim, he appealed that decision to the Missouri Court of Appeals. Applying the *Strickland* standard, the Missouri Court of Appeals agreed with the motion court and denied Petitioner's claim:

> In this case, the evidentiary hearing revealed several facts relevant to this analysis. Movant was wearing civilian clothes during his trial. Movant's Counsel never knew his right hand was cuffed to the chair at the time. Counsel could not say whether jurors actually saw Movant's hand cuffed to his chair because he also was not aware. If Counsel would have been aware of Movant being cuffed then he would have asked for a mistrial. Movant was on the complete opposite side of the courtroom from the jury box during the proceedings creating the furthest possible distance between the jury and Movant. Counsel stated there is no way of knowing whether the jury saw Movant's hand cuffed to his chair without asking individual jurors. In support of his argument, Movant contends at trial a witness came within a few feet of Movant to identify him as the perpetrator. So since the witness was that close to Movant, he argues the jury surely saw his right hand cuffed to the arm of his chair. In denying Movant's claim at issue in this point, the motion court found the only credible testimony at the hearing was Counsel who was not aware Movant's right hand was cuffed to his chair. We defer to the motion court's credibility determination. The motion court also found the layout of the courtroom and the location of the parties made it unlikely the jurors could see Movant's right hand cuffed to his chair. The motion court's findings are presumed correct, and Movant has failed to demonstrate it is clearly erroneous. The record does not establish the jurors actually saw Movant's right hand cuffed to his chair's armrest. Furthermore, even if Movant was inadvertently seen by the jurors in a restraint, a mistrial would not be appropriate. Movant was in civilian clothes and appeared to the jury as not incarcerated. In addition, Movant's own Counsel did not even realize his hand was cuffed to the chair. Based on the foregoing, Movant has failed to establish he is entitled to post-conviction relief on his claim Counsel was ineffective for failing to object or request a mistrial after jurors allegedly saw Movant's right hand cuffed to his chair's armrest. No prejudice has been proven by Movant.

Doc. [9-10] at 6-8 (cleaned up).

Petitioner has provided no basis for this Court to find the state court's conclusion unreasonable. The Missouri Court of Appeals rejected the argument based on a witness

9

approaching Petitioner during the trial after carefully considering the evidentiary record. In particular, it relied on trial counsel's testimony that he was unaware that Petitioner's hand was cuffed and the motion court's finding, based on the layout of the courtroom, that it was unlikely the jury would have seen Petitioner's hand cuffed. The Missouri Court of Appeals also noted the lack of any evidence that jurors actually saw Petitioner's hand cuffed. On review of the record, the state court's conclusion that Petitioner was not prejudiced by counsel's failure to object to Petitioner's hand being cuffed was reasonable.

Because the Missouri Court of Appeals did not unreasonably apply *Strickland*, and its decision was not an "unreasonable determination of the facts in light of the evidence presented in state court," *Cole v. Roper*, 623 F.3d 1183, 1187 (8th Cir. 2010); 28 U.S.C. § 2254(d), the Court denies habeas relief on Ground 4.

## CONCLUSION

Petitioner is not entitled to federal habeas relief, and he has not made a substantial showing of the denial of a constitutional right, as required for a certificate of appealability to issue. 28 U.S.C. § 2253(c); *see also Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Thus, the Court will not issue a certificate of appealability as to any claims raised in the petition.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, Doc. [4], is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED with prejudice**.

**IT IS FINALLY ORDERED** that the Court shall **NOT ISSUE** a certificate of appealability as to any claim raised in the amended petition.

A separate judgment accompanies this Memorandum and Order.

Dated this 17th day of March, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE